Case No. 12-3002

In the
United States Court of Appeals
for the Sixth Circuit

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MIGUEL A. FLORES,

Defendant-Appellant.

**BRIEF OF APPELLEE**

On Appeal from the United States District Court
Northern District of Ohio, Western Division

> STEVEN M. DETTELBACH
> UNITED STATES ATTORNEY
> Northern District of Ohio
>
> By:  Thomas P. Weldon
>      Assistant U.S. Attorney
>      Four Seagate, Suite 308
>      Toledo, Ohio  43604-2624
>      Telephone: (419) 259-6376
>      Telefax:   (419) 259-6360
>      Attorney for Plaintiff-Appellee

TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | i |
| TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . | | ii |
| STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . | | 1 |
| JURISDICTIONAL STATEMENT. . . . . . . . . . . . . . . . . . . . . . . | | 1 |
| STATEMENT OF THE ISSUES. . . . . . . . . . . . . . . . . . . . . . . . | | 1 |
| STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . | | 2 |
| STATEMENT OF THE FACTS. . . . . . . . . . . . . . . . . . . . . . . . | | 4 |
| SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . | | 6 |
| ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 7 |
| I. | THE DISTRICT COURT'S DETERMINATION THAT FLORES COMMITTED A NEW LAW VIOLATION AND ITS DECISION TO REVOKE HIS SUPERVISED RELEASE WAS NOT AN ABUSE OF DISCRETION. . . . . . . . . . . . | 7 |
| | A. Standard of Review for Revocation. . . . . . . . . . . . | 7 |
| | B. The Government Met Its Burden of Proof by Establishing by a Preponderance of the Evidence That Flores Committed a New Law Violation and Accordingly Revocation Was Proper. . . . . . . . . . . . . . . . . . | 7 |
| II. | THE DISTRICT COURT'S SENTENCE OF 36 MONTHS WAS NEITHER UNREASONABLE NOR AN ABUSE OF DISCRETION. . . . . . . . . | 11 |
| | A. Standard of Review. . . . . . . . . . . . . . . . . . . | 11 |
| | B. The District Court Complied with the Statutory Requirements of 18 U.S.C. § 3553(e) in Imposing the 36-Month Sentence, and Therefore Did Not Abuse Its Discretion. . . . . . . . . . . . . . . . . . . . . . . | 12 |
| CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | 14 |
| CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . | | 14 |
| DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS. . . . . . . | | 15 |

TABLE OF AUTHORITIES

**CASES**                                                            Page

United States v. Bolds, 511 F.3d 568 (6th Cir. 2007). . .  11, 12

United States v. Cofield, 233 F.3d 405 (6th Cir. 2000). . . . . . 7

United States v. Keeper, 977 F.2d 1238 (8th Cir. 1992). . . .  10

United States v. Keisel,
    400 F. App'x. 33 (6th Cir. 2010)(unpublished). . . . . . . 7

United States v. Kirby, 418 F.3d 621 (6th Cir. 2005). . . . 7, 10

United States v. Knox, 888 F.2d 585 (8th Cir. 1989). . . . . . 10

United States v. Kontrol, 554 F.3d 1089 (6th Cir. 2009). . . 7, 11

United States v. Leary,
    422 F. App'x 502 (6th Cir. 2011)(unpublished). . . . . . . 9

United States v. McClellan,
    164 F.3d 308 (6th Cir. 1999). . . . . . . . . . . . . . 12, 13

United States v. Polihonki, 543 F.3d 318 (6th Cir. 2008).  11, 12

United States v. Stephenson,
    928 F.2d 728 (6th Cir. 1991). . . . . . . . . . . . . 7-9, 11

United States v. Thompson, 314 F. App'x. 797 (6th Cir. 2008). . 7

**STATUTES**

18 U.S.C. § 3231. . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 3553. . . . . . . . . . . . . . . . . . . . . . 12, 13

18 U.S.C. § 3553(a)(1). . . . . . . . . . . . . . . . . . . . . 13

18 U.S.C. § 3553(a)(2)(A). . . . . . . . . . . . . . . . . . . 13

18 U.S.C. § 3553(a)(2)(B). . . . . . . . . . . . . . . . . . . 13

18 U.S.C. § 3553(a)(2)(C). . . . . . . . . . . . . . . . . . . 13

18 U.S.C. § 3553(e). . . . . . . . . . . . . . . . . . . . . . 12

18 U.S.C. § 3583(e)............................1

18 U.S.C. § 3583(e)(3)........................13

18 U.S.C. § 3742..............................1

21 U.S.C. § 841...............................2

21 U.S.C. § 841(a)(1)........................10

21 U.S.C. § 846...............................2

28 U.S.C. § 1291..............................1

**U.S. SENTENCING GUIDELINES**

§ 4B1.2(b)....................................8

§ 7B1.1(a)(1).................................8

STATEMENT REGARDING ORAL ARGUMENT

The government believes the briefs adequately address the issues on appeal and that oral argument would not significantly aid the decisional process.  See Rule 34(a)(2)(C), Federal Rules of Appellate Procedure.

JURISDICTIONAL STATEMENT

Jurisdiction of the District Court was based upon 18 U.S.C. § 3231, and 18 U.S.C. § 3583(e) concerning the modification or revocation of supervised release.  Jurisdiction of the Court of Appeals is based upon 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

STATEMENT OF THE ISSUES

1.   Whether the district court abused its discretion in finding that the government met its burden showing that Flores violated the terms of his supervised release by a preponderance of the evidence?

2.   Whether the district court's sentence of 36 months imprisonment for Flores's violations of the terms and conditions of his supervised release was unreasonable and an abuse of discretion?

STATEMENT OF THE CASE

This case is an appeal of Miguel A. Flores' [hereinafter "Flores" or "Appellant"] sentence following the district court's revocation of his supervised release. The district court sentenced Flores to 36 months imprisonment to be followed by no term of supervised release.

On September 8, 2005, Flores was charged in a one-count indictment with possession with intent to distribute cocaine base, and marijuana in violation of 21 U.S.C. §§ 841 & 846. (R. 1: Indictment at 2). The parties negotiated a plea agreement on February 13, 2007, in which Flores pleaded guilty to the conspiracy count and waived most of his appellate rights. (R. 223: Plea Agreement, pp. 5-6).

On June 25, 2007, the district court sentenced Flores to 27 months imprisonment, to be followed by four years of supervised release with standard and special conditions, no fine, and a $100 special assessment. (R. 272: Judgment, pp. 1-2).

On October 28, 2011, the U.S. Probation Office filed a report with the district court alleging four violations of the terms and conditions of Flores' supervised release, and a warrant was issued for his arrest. On December 6, 2011, Flores appeared before U.S. Magistrate Judge Vernelis K. Armstrong on the arrest warrant. Attorney Mark Jacobs was appointed to represent Flores. Flores waived his probable cause and detention hearing. The magistrate judge found that sufficient probable cause existed and Flores was detained without bond. A revocation hearing was set before U.S. District Court Judge James G. Carr. (R. N/A: Docket Sheet, Minutes

of 12/6/11 Proceedings).

On December 13, 2011, a revocation hearing was held before the district court wherein Flores admitted to three violations and the court made a finding of the fourth violation of his conditions of supervised release. The court revoked supervised release and sentenced Flores to 36 months imprisonment to be followed by no additional term of supervised release. (R. 343: Transcript of the Revocation Hrg., pp. 1-3; R. 331: Order, p. 1).

On December 27. 2011, Flores filed this timely appeal. (R. 333: Notice of Appeal).

## STATEMENT OF THE FACTS

On October 28, 2011, a violation report was filed recommending the issuance of an arrest warrant for Miguel A. Flores for alleged violations of the terms of his supervised release. A superceding violation report was later filed alleging four violations, the first of which alleged a new law violation by Flores based upon a search warrant that was executed in March 2011. Police seized approximately $381,000 in United States currency, financial ledgers, heat sealing machines, tape, and heat sealing bags used for packaging illegal narcotics. (R. 343: Revocation Hrg. Transcript, p. 5). The remaining violations alleged that Flores failed to submit to monthly supervision reports, to submit to drug testing twice a month, and to report his address before making an address change, which resulted in his probation officer being unable to contact Flores despite numerous attempts. (R: N/A Superseding Violation Report).

On December 13, 2004, Flores' revocation hearing was held. The district court referenced the alleged violations, the nature of the proceedings, the maximum possible punishment, and indicated that Flores could waive his right to a hearing and admit the violations. (R. 343: Revocation Hrg. Transcript, pp. 1-3).

Through counsel, Flores elected to admit that he had failed to report, failed to submit to drug screening as required, and had failed to update his address with the Probation Department. (Id., pp. 3-4). The only contested violation was the alleged new law violation. A narcotics investigation led police to believe that Flores was engaged in narcotics trafficking. A search warrant executed at Flores' residence recovered $381,000 in cash, financial

4

ledgers, heat sealing machines, tape, and heat sealing bags used for packaging and distributing illegal narcotics.  After hearing testimony and arguments from counsel, the court concluded that there was sufficient evidence to find a new law violation. It revoked Flores' supervised release and sentenced him to a term of imprisonment of 36 months, with no additional term of supervised relief.  (Id., pp. 12-18; R. 331: Order at 1).

Flores argues on appeal that the government failed to adequately prove that he committed a controlled substance offense, that the district court abused its discretion in finding that Flores has committed the new law violation, and that the 36 month sentence was procedurally and/or substantially unreasonable.

## SUMMARY OF THE ARGUMENT

The district court did not abuse its discretion when it found that the government had established, by a preponderance of the evidence, that Flores had committed a new law violation in breach of the terms and conditions of his supervised release, and in imposing a statutory maximum sentence of 36 months of incarceration.

A narcotics investigation led police to believe that Flores was engaged in narcotics trafficking. After obtaining and executing a search warrant at Flores' residence, police discovered $381,000 in cash, financial ledgers, heat sealing machines, tape, and heat sealing bags used for packaging and distributing illegal narcotics. In addition, Flores had three additional grade C violations for failing to report, failing to submit to drug tests, and failing to report an address change.

The district court held a revocation hearing and the government presented the only witness, DEA Special Agent ("SA") Michael Noel to testify regarding the investigation, search warrant, and items seized from Flores' residence. Although SA Noel had not been at Appellant's residence during the search, he testified that he had reviewed the reports associated with the search. There is nothing in the record to indicate that SA Noel's testimony was untruthful or otherwise unreliable and therefore the district court did not abuse its discretion in determining that Appellant had violated the terms and conditions of his supervised release. Accordingly, the sentence of a statutory maximum 36 months of incarceration imposed by the district court was proper and not an abuse of discretion.

<u>ARGUMENT</u>

I. THE DISTRICT COURT'S DETERMINATION THAT FLORES COMMITTED A NEW LAW VIOLATION AND ITS DECISION TO REVOKE HIS SUPERVISED RELEASE WAS NOT AN ABUSE OF DISCRETION.

    A.   <u>Standard of Review for Revocation</u>.

Appellate review of a revocation of supervised release is for an abuse of discretion. <u>United States v. Kirby</u>, 418 F.3d 621, 625 (6th Cir. 2005). The district court's "findings of fact are reviewed for clear error, and its legal conclusions are reviewed de novo." <u>United States v. Keisel</u>, 400 F. App'x. 33 (6th Cir. 2010) (unpublished), quoting <u>United States v. Kontrol</u>, 554 F.3d 1089 (6th Cir. 2009).

To revoke supervised release, a district court must determine, by a preponderance of the evidence, that a defendant violated a supervised release condition. <u>United States v. Cofield</u>, 233 F.3d 405, 406 (6th Cir. 2000). The preponderance standard is less than the trial standard of guilt "beyond a reasonable doubt." <u>United States v. Thompson</u>, 314 F. App'x. 797, 799 (6th Cir. 2008) (unpublished). Revocation hearings provide the court with greater flexibility than in criminal trials. <u>United States v. Stephenson</u>, 928 F.2d 728, 732 (6th Cir. 1991). For instance, the district court may base its decision upon reliable hearsay evidence. <u>Id.</u> The court may also determine that a term of supervised release has been violated regardless of whether the defendant is later acquitted, criminal charges dismissed, or a conviction later overturned concerning the conduct of the alleged violation. <u>Id.</u>

    B.   <u>The Government Met Its Burden of Proof by Establishing by a Preponderance of the Evidence That Flores Committed a New Law Violation and Accordingly Revocation Was Proper</u>.

At issue in this case is the district court's finding that

Flores committed a grade A or new law violation. The United States Sentencing Guidelines Manual defines grade A violations as "***conduct*** constituting a federal, state, or local offense punishable by a term of imprisonment exceeding one year that is a crime of violence, is a controlled substance offense or involves possession of a firearm or destructive device...." U.S. Sentencing Guidelines ["USSG"] § 7B1.1(a)(1) (emphasis added). The term "controlled substance offense" is defined as an offense under federal and state law, punishable by imprisonment exceeding one year. USSG § 4B1.2(b).

During Flores' revocation hearing, DEA SA Noel testified about the search that produced the evidence giving rise to the new law violation claim. (R: 343: Transcript, pp. 5-7). Flores contends that the government failed to meet its burden, arguing that SA Noel could not provide the underlying basis for the search warrant because he was not present during the search. Flores concludes that the testimony was insufficient to establish the new law violation by a preponderance of the evidence. (Appellant's Br. at 21-22; R. 343: Transcript, pp. 7-10). This contention is without merit.

SA Noel testified that he was not present during the search, but he had reviewed the reports associated with the search and investigation prior to testifying at the revocation hearing. (R. 343: Transcript, p. 5). Unlike in Stephenson, a case cited by Flores, in which an alleged assault was supported with scant testimony and no corroborating evidence, the evidence in this case is supported by SA Noel's factual testimony concerning specific items seized during the search of Flores' residence. See

8

Stephenson, 928 F.2d at 732. In addition, SA Noel testified that surveillance and other investigative activity had led police to believe that Flores was involved in narcotics trafficking. (R.343: Transcript, p. 6). Facts from that investigation were presented to a judge who, upon review, made an independent determination of probable cause and issued the search warrant. (Id.).

SA Noel further testified that during that search authorities seized approximately $380,000 in cash in the master bedroom, financial ledgers, heat sealing machines, tape, and heat sealing bags known to be associated with illegal narcotics trafficking. (Id., p. 5). Although Flores was not present during the search of the residence, two of his teenaged children were at the address. (Id.) A cell phone belonging to one child was used to attempt to contact Flores. (Id.) Upon dialing the contact number stored in the child's cell phone for their father (Flores), the phone rang at the residence being searched. (Id.)

Flores argues that there is no evidence that he lived in the master bedroom or that he was the only one with access to the residence. (Appellant's BR at 21). The Sixth Circuit has defined constructive possession as knowingly having "the power and intention at a given time to exercise dominion and control over an object, either directly or through others." United States v. Leary, 422 F. App'x 502, 507 (6th Cir. 2011) (unpublished). Proof that "one knowingly and intentionally has dominion over the premises where the contraband is found 'is sufficient to establish constructive possession.'" Id. Where it is reasonable for a jury to infer possession, courts have also held that the presence of drugs, large amounts of unexplained cash, and other contraband is

9

sufficient enough for a jury to infer the requisite level of intent for a **conviction** of a defendant pursuant to 21 U.S.C. § 841(a)(1). See United States v. Keeper, 977 F.2d 1238, 1240-41 (8th Cir. 1992); United States v. Knox, 888 F.2d 585, 587-88 (8th Cir. 1989) (emphasis added).

The burden of proof in a revocation hearing is not that of a criminal trial's "beyond a reasonable doubt" standard. United States v. Kirby, 418 F.3d 621, 627-28 (6th Cir. 2005). The government need not prove beyond a reasonable doubt that no other party had access to the house, but rather that it is more likely than not, or in other words by a preponderance of the evidence, that Flores resided at 2483 Fostoria Road. At the time of the search, Flores' two minor children were present at the residence. (R. 343: Transcript, p. 5). Neither the record nor Appellant's brief contain evidence indicating the residence was not his.

Flores also discounts the evidence found pursuant to the search warrant on the basis that it was not photographed and formally introduced during the revocation hearing. (Appellant's BR at 21). He seems to suggest that the only evidence in this case is the Probation Officer's violation report. (Id.) This is simply not the case. SA Noel specifically referred to his review of the reports associated with the search warrant executed on Flores' residence. (R. 343: Transcript, pp. 5-6). Unlike a criminal trial, a formal introduction of admissible evidence is not required in a revocation hearing and the court may consider hearsay as long as it is reliable. See Kirby, 418 F.3d at 627-28. Given that there is no evidence indicating that SA Noel's testimony, the reports associated with the search, or the warrant itself were defective or

10

otherwise unreliable, the evidence was properly considered.

In addition to the new law violation claim, there were three additional grade C violations alleged in the Probation Officer's violation report. (R. N/A: Violation Report at 1). Flores admitted the grade C violations which consisted of failures to submit to monthly reports, drug screens, and to report a change of address. (R. 343: Transcript, p. 3). After hearing testimony from SA Noel, the only witness to testify, the district court made its finding concerning the violations. (Id., p. 12).

The evidence and circumstances in this case are consistent with unlawful conduct, which supports a finding by a preponderance of the evidence that Flores was engaged possessing and distributing narcotics, regardless of whether he was formally charged or convicted of crimes concerning that conduct. See Stephenson, 928 F.2d at 732. Accordingly, the court's determination that the government properly met its burden of establishing that Flores violated the terms of his supervised release was not an abuse of discretion.

II. THE DISTRICT COURT'S SENTENCE OF 36 MONTHS WAS NEITHER UNREASONABLE NOR AN ABUSE OF DISCRETION.

   A.   Standard of Review.

A sentence imposed by a district court upon revocation of supervised release is reviewed under an abuse of discretion standard for reasonableness. United States v. Bolds, 511 F.3d 568, 575 (6th Cir. 2007); Kontrol, 554 F.3d at 1092. Under this standard, "we may overturn a sentence only if it is procedurally or substantively unreasonable." Kontrol, 554 F.3d at 1092; see also United States v. Polihonki, 543 F.3d 318, 322 (6th Cir. 2008). As

long as the district court "considered the relevant statutory factors," and the new sentence is not "plainly unreasonable," the district court's judgment is affirmed. United States v. McClellan, 164 F.3d 308, 309-10 (6th Cir. 1999). In Bolds, this Court held that the pre-Booker "plainly unreasonable" standard is identical to the post-Booker abuse of discretion for reasonableness standard. Bolds, 511 F.3d at 575.

Before imposing a sentence after revoking a defendant's supervised release, a district court must consider the policy statements contained in Chapter 7 of the U.S. Sentencing Guidelines. Id. at 310. Here, the guideline range for Flores was 24 to 30 months imprisonment. (R. 343: Transcript, p. 18).

The district court is presumed to have considered the recommended guideline range when it references the violation report prepared by the Probation Office. McClellan, 164 F.3d at 310. There is no requirement that the court address each of the factors contained in the Sentencing Guidelines. Id. Nor need the court "ritualistically incant" the factors. Polihonki, 543 F.3d at 324. If however, the court varies from the guideline range, it must provide some rationale for why such a sentence was imposed and must reflect consideration of the factors set forth in 18 U.S.C. § 3553. Id.

   B.   The District Court Complied with the Statutory Requirements of 18 U.S.C. § 3553(e) in Imposing the 36-Month Sentence, and Therefore Did Not Abuse Its Discretion.

After the district court determined that Flores committed a new law or grade A violation, it imposed a 36 month sentence. (R. 343: Transcript, pp. 18-20). During the revocation hearing, the

12

court referenced the Probation Officer's violation report and the allegations set forth. (Id., p. 2). The court's reference to the violation report, which contained the applicable sentencing guideline range, was sufficient to satisfy the requirement that the court consider Chapter 7 of the sentencing guidelines before sentencing. See McClellan, 164 F.3d at 310.

The district court also provided an explanation for its decision to vary upward from the sentencing guideline range while addressing the factors set out in 18 U.S.C. § 3553. (R. 343: Transcript, p. 18). The court noted the seriousness of Flores' violation, the need to instill in him respect for the law, and the court expressed hope that the sentence would incapacitate and deter Flores while protecting the public. See 18 U.S.C. §§ 3553(a)(1), (a)(2)A), (a)(2)(B), and (a)(2)(C). (Id., pp. 18-19). Despite Flores' objection to the court's comments to members of the public and his family during the hearing, the court's comments were not improper and were legitimate under the deterrence factor set out in 18 U.S.C. § 3553(a)(2)(B). The district court's comments clearly indicated that it specifically intended to deter future conduct by both Flores' family and the public in general.

The statutory maximum sentence for Flores' violation is three years in prison. See 18 U.S.C. § 3583(e)(3). Accordingly, the district court's sentence of 36 months imprisonment was not unreasonable because the court adequately addressed the requisite statutory factors during the revocation hearing, and the upward variance of six months does not exceed the statutory maximum.

CONCLUSION

The district court's revocation of Flores's supervised release and imposition of a 36-month sentence was not an abuse of discretion. Therefore this Court should affirm the district court's order.

>Respectfully submitted,
>
>STEVEN M. DETTELBACH
>UNITED STATES ATTORNEY
>
>/s/ Thomas P. Weldon
>Thomas P. Weldon
>Assistant United States Attorney
>Four Seagate, Suite 308
>Toledo, Ohio 43604-2624
>Telephone: (419) 259-6376
>Facsimile: (419) 259-6360
>Reg. No. 0063173

CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff-Appellee brief was filed electronically on this  28th  day of June, 2012, with the Sixth Circuit Court of Appeals. Service upon counsel of record will be made through the Court's electronic filing system.

Timothy F. Sweeney, Esq.
The 820 Building, Suite 430
820 West Superior Ave.
Cleveland, OH 44113-1800
Attorney for Appellant Miguel A. Flores

>/s/ Thomas P. Weldon
>Thomas P. Weldon
>Assistant United States Attorney

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

Pursuant to Sixth Circuit Rule 30(b), the following filings from the district court's records are designated as relevant to this appeal:

| RECORD ENTRY NO. | DESCRIPTION OF ENTRY |
|---|---|
| N/A | Docket Sheet, Case No. 3:05CR783 |
| 1 | Indictment |
| 223 | Plea Agreement |
| 272 | Judgment |
| 331 | Order Revoking Supervised Release |
| 333 | Notice of Appeal |
| 343 | Transcript of Revocation Hearing held 12/13/11 |
| N/A | Superseding Violation Report |

| RECORD ENTRY NO. | DESCRIPTION OF PROCEEDING OR TESTIMONY | TRANSCRIPT PAGES |
|---|---|---|
| 343 | Transcript of Revocation Hearing held 12/13/11 | 1-10, 12-20 |